# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1465
_____

United States of America,

*Plaintiff - Appellee,*

v.

Luis Angel Cabrales Guerra, also known as Gustavo Sanchez-Guerra,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul
_____

Submitted: February 6, 2017
Filed: July 27, 2017
[Unpublished]
_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.
_____

PER CURIAM.

Luis Guerra pleaded guilty to conspiracy to distribute 100 grams or more of heroin, which typically carries a statutory minimum sentence of five years' imprisonment. In an effort to qualify for a sentence below the statutory minimum under 18 U.S.C. § 3553(f), Guerra met with representatives of the government before sentencing to provide information about the heroin conspiracy. After the session, the

government recommended to the court that Guerra was not eligible for a sentence below the statutory minimum, because he played an aggravating role in the conspiracy and was not truthful during his interview. *See* 18 U.S.C. § 3553(f)(4), (5). The district court[1] found that Guerra did not qualify for a reduced sentence and sentenced him to the statutory minimum prison term of 60 months. *See* 21 U.S.C. § 841(b)(1)(B). Guerra appeals and argues that the court should have sentenced him below the statutory minimum. We discern no clear error in the district court's findings, and we therefore affirm.

Section 3553(f) allows a district court to sentence certain defendants who have been convicted of drug trafficking offenses without regard to a statutory minimum penalty. To sentence below the minimum, the court must find that the defendant satisfies five requirements, two of which are at issue here: "the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines"; and "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." § 3553(f)(4)-(5). We review the district court's findings on these matters for clear error. *United States v. Alvarado-Rivera*, 412 F.3d 942, 947 (8th Cir. 2005).

The district court found that Guerra was a "manager" of others in the conspiracy. The court found that two co-defendants were "runners" who delivered drugs, and that Guerra functioned as a "dispatcher" who lived in a "stash house" where drugs were stored. The court also found that Guerra was not "entirely truthful" in his statements to law enforcement.

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

Guerra argues that the evidence does not support the district court's finding that he was a manager of others in the conspiracy within the meaning of USSG § 3B1.1. The guideline provides for a two-level enhancement if the defendant was a manager in any criminal activity with fewer than five participants. USSG § 3B1.1(c). To be a manager, the defendant "must direct or enlist the aid of others." *United States v. Lopez*, 431 F.3d 313, 318 (8th Cir. 2005) (quotation omitted). Merely distributing drugs is not sufficient, *id.*, but the enhancement may apply "even if the management activity was limited to a single transaction." *United States v. Zimmer*, 299 F.3d 710, 724 (8th Cir. 2002) (quoting *United States v. Garrison*, 168 F.3d 1089, 1096 (8th Cir. 1999)).

The district court did not clearly err in finding that Guerra was a manager of the drug conspiracy. The court heard testimony from investigator Grundeman, an undercover officer who executed controlled purchases from Guerra and his co-conspirators. Grundeman explained that during one transaction, she met Guerra at a prearranged location; Guerra called a co-conspirator, Garcia-Perez, who arrived shortly thereafter with the heroin. Guerra nodded his head at Garcia-Perez, as if to instruct him to hand over the heroin. Garcia-Perez did so, and Grundeman paid Guerra the price that Guerra had negotiated.

During a second transaction, Grundeman contacted Guerra by telephone while he was in New Mexico. Guerra told Grundeman to meet Garcia-Perez at a nearby restaurant. Before the purchase, Grundeman's partner tried to negotiate the price of the heroin with Garcia-Perez, but he would not do so. Instead, Garcia-Perez called Guerra and asked Grundeman's partner to speak with Guerra about the price. Grundeman also described a third transaction during which Guerra again negotiated the purchase price. Guerra arrived at the meeting location and told Grundeman that Tejeda-Garcia, another co-conspirator, would approach her car and sell her the drugs.

The evidence shows that Guerra played an integral role in planning the transactions with Grundeman, that he enlisted the help of his co-conspirators and directed them during the transactions, and that he was the member of the conspiracy with authority to determine the price for the quantity of heroin sold. The district court therefore did not clearly err in finding that Guerra played a managerial role in the conspiracy. *See United States v. Flores*, 73 F.3d 826, 836 (8th Cir. 1996).

The district court also did not clearly err in finding that Guerra failed to provide truthfully all information known to him about the drug conspiracy. When asked about his drug customers, Guerra said that he had three or four, but the government found a list showing that he had thirteen customers. Guerra refused to acknowledge knowing Tejeda-Garcia, although the two shared an apartment in 2014, and Guerra arranged for Grundeman to obtain heroin from Tejeda-Garcia during an undercover transaction. Guerra denied directing anyone to sell heroin while in New Mexico, but Grundeman testified that Guerra set up a sale from Garcia-Perez to Grundeman while Guerra was in Albuquerque.

For these reasons, the district court did not clearly err in determining that Guerra failed to satisfy the requirements of 18 U.S.C. § 3553(f)(4) and (f)(5). He was thus ineligible for a sentence below the statutory minimum. The judgment of the district court is affirmed.

_____